UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| PATRICK TATE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:19-CV-43-TWP-DCP |
| ) | |
| STATE OF TENNESSEE, DEPARTMENT ) | |
| OF HUMAN SERVICES, et al., ) | |
| ) | |
| Defendants. ) | |

**REPORT AND RECOMMENDATION**

This case is before the undersigned pursuant to 28 U.S.C. § 636(b) and the Rules of this Court on Plaintiff's Application to Proceed *In Forma Pauperis* [Doc. 1], filed on January 28, 2019. The undersigned files this Report and Recommendation for the District Judge to whom this case is assigned. For the reasons more fully stated below, the Court finds that Plaintiff shall be allowed to file his Complaint without prepayment of costs, but the Court **RECOMMENDS** that the Complaint be **DISMISSED** without prejudice for lack of subject matter jurisdiction.

**I.    FILINGS AND ALLEGATIONS**

Plaintiff has filed an Application to Proceed *In Forma Pauperis*, with the required detailing of his financial condition. [Doc. 1]. The application demonstrates that Plaintiff has little income and few assets.

In his Complaint, filed contemporaneously with the instant application, Plaintiff avers that the Magistrate, Stan Briggs ("Judge Briggs"), appointed an attorney to represent Plaintiff. [Doc. 2 at 6]. The attorney, Scott Hahn ("Hahn"), failed to fully represent Plaintiff and knowingly

1

violated Plaintiff's civil rights. [*Id.*]. Plaintiff alleges that Judge Briggs, while acting under the color of law, also violated Plaintiff's civil rights. [*Id.*]. Plaintiff alleges that the attorney for the State of Tennessee, John Cook ("Cook"), asked for civil contempt, which constitutes a blatant disregard of Plaintiff's civil rights. [*Id.*]. Plaintiff also names Tennessee's Department of Human Services ("DHS"), the child support division, as a Defendant, alleging that it streamlined an unlawful arrest and prosecution. [*Id.*]. In support of his claim that the Court has jurisdiction, Plaintiff cites to 42 U.S.C. § 1983, 28 U.S.C. § 1651, 45 C.F.R. § 303.101(c)(4), along with other legal and secondary sources. [*Id.* at 3, Doc. 2-1 at 1-11]. In his statement of relief, Plaintiff requests that the Court dismiss the child support order. [Doc. 2 at 7].

## II. ANALYSIS

Applications to proceed *in forma pauperis* are governed by 28 U.S.C. § 1915. The purpose of the statute is to ensure that indigent litigants have meaningful access to the courts. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989); *Adkins v. W.I. DuPont de Nemours & Co.*, 335 U.S. 331, 342 (1948). To accomplish this end, a court must evaluate the litigant's indigence, but notwithstanding indigence, a court may *sua sponte* dismiss a matter under 28 U.S.C. § 1915(e)(2)(B).

The Court will address the indigence and merits components of 28 U.S.C. § 1915 in turn.

### A. Indigence

Section 1915 allows a litigant to commence a civil or criminal action in federal court without paying the administrative costs of the lawsuit. *Denton v. Hernandez*, 504 U.S. 25 (1992). The court's review of an *in forma pauperis* application is normally based solely on the affidavit of indigence. *See Gibson v. R.G. Smith Co.*, 915 F.2d 260, 262-63 (6th Cir. 1990) (observing that

2

the "the filing of a complaint is conditioned solely upon a person's demonstration of poverty in his affidavit and the question of frivolousness is taken up thereafter."). The threshold requirement which must be met in order to proceed *in forma pauperis* is that the plaintiff show, by affidavit, the inability to pay court fees and costs. 28 U.S.C. § 1915(a)(1). However, one need not be absolutely destitute to enjoy the benefit of proceeding *in forma pauperis*. *Adkins*, 335 U.S. at 342. An affidavit to proceed *in forma pauperis* is sufficient if it states that the plaintiff cannot, because of poverty, afford to pay for the costs of litigation and still pay for the necessities of life. *Id.* at 339.

In the present case, Plaintiff's application and economic status has been considered in making the decision of whether to grant leave to proceed *in forma pauperis*, and it appears to the Court that Plaintiff's application sets forth grounds for so proceeding. Accordingly, the Application to Proceed *In Forma Pauper* [**Doc. 1**] is **GRANTED**. The Clerk is **DIRECTED** to file the complaint in this case without prepayment of costs or fees. The Clerk **SHALL NOT** issue process, however, at this time.

### B. Merits

Although pro se pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *See Neitzke*, 490 U.S. at 325; *see also Kiel v. Dep't of Veterans Affairs*, No. 3:09-CV-433, 2009 WL 5168055, at *1 (S.D. Ohio Dec. 18, 2009) (finding that the complaint should be dismissed under § 1915(e)(2)(B)(ii) because the court lacked subject matter jurisdiction). Because Plaintiff does not allege sufficient facts to establish this Court's jurisdiction, the

3

undersigned will recommend that Plaintiff's Complaint be dismissed without prejudice for lack of jurisdiction.

Federal courts are courts of limited jurisdiction, possessing "only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). Generally, federal courts "lack jurisdiction of questions of domestic relations, . . . such as child support, even when those questions are presented in the guise of a federal question (such as a claim invoking a federal statute or constitutional provision)." *Robinson v. Michigan*, No. 1:09-CV-564, 2009 WL 3011225, at *3 (W.D. Mich. Sept. 16, 2009); *see also Allah v. Child Support Enf't Agency*, No. 1:18 CV 872, 2018 WL 3752244, at *3 (N.D. Ohio Aug. 7, 2018) ("To the extent he is challenging the Domestic Relations Court Order itself and asking this Court to reverse that Order to relieve him of the obligation to pay support under that Order, this Court lacks subject matter jurisdiction to conduct that review or grant that relief.").

In the present matter, Plaintiff alleges that Hahn, Judge Briggs, and Cook violated his civil rights. In addition, he alleges that DHS streamlined an unlawful arrest and prosecution, violating his civil rights. Plaintiff provides no facts as to how his civil rights were violated. In any event, however, in his statement of relief, Plaintiff requests that the Court dismiss the child support order. As explained above, this Court lacks subject matter jurisdiction to overturn such state court decisions. *See Jones v. Child Support Div.*, No. 3:09-CV-89-H, 2009 WL 2240389, at *2 (W.D. Ky. July 24, 2009) (screening plaintiff's complaint and finding dismissal warranted because the court lacks subject matter jurisdiction over plaintiff's challenge to the state's child support order).

### III. CONCLUSION

For the reasons set forth above, Plaintiff's Application to Proceed *In Forma Pauperis* [**Doc. 1**] is well taken, and the same is **GRANTED**. The Clerk is **DIRECTED** to file the Complaint in this case without prepayment of costs or fees. However, no process shall issue until the District Judge has ruled upon this Report and Recommendation,[1] because it is **RECOMMENDED**[2] that the Complaint [**Doc. 2**] be **DISMISSED** without prejudice for lack of subject matter jurisdiction.

Respectfully submitted,

*Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge

---

[1] This matter is to be presented to a District Judge pursuant to this Report and Recommendation under the authority of *Gibson*, 195 F.2d at 263, wherein the court states that such matters proceed automatically to a district judge for examination of the complaint after a magistrate judge has granted the petition to proceed *in forma pauperis*.

[2] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Federal Rule of Civil Procedure 72(b). Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 153-54 (1985). "[T]he district court need not provide *de novo* review where objections [to the Report and Recommendation] are '[f]rivolous, conclusive or general.'" *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir.1982)). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).