UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | | |
|---|---|---|
| PATRICK LEON TATE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:19-CV-043 |
| | ) | |
| STATE OF TENNESSEE, DEP'T OF | ) | |
| HUMAN SERVICES, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court for review of United States Magistrate Judge Debra C. Poplin's report and recommendation ("R&R") [doc. 3] and *sua sponte* review of this Court's subject-matter jurisdiction over the instant matter. For the reasons stated below, the Court will dismiss Plaintiff's complaint without prejudice for lack of subject-matter jurisdiction.

### I.  Background

Plaintiff filed the instant suit against the State of Tennessee's Department of Human Services Child Support Division, Magistrate Stan Briggs, Attorney John R. Cook, and Attorney Scott B. Hahn [Doc. 2 at 2]. At the same time as his complaint, Plaintiff also filed a motion for leave to proceed *in forma pauperis*. [Doc. 1].

In his complaint, Plaintiff alleges that Magistrate Briggs appointed Attorney Hahn to represent him in a legal proceeding, but, due to Mr. Hahn's affiliation with the American Bar Association ("ABA"), a conflict of interest had arisen, and Mr. Hahn violated

Plaintiff's civil rights. [Doc. 2 at 6]. Plaintiff also states that Magistrate Briggs violated his civil rights. Further, Plaintiff states that Attorney Cook, who represented the State of Tennessee in this unidentified legal proceeding, violated his civil rights by asking for a civil contempt order against Plaintiff. Finally, Plaintiff states that the State of Tennessee's Department of Human Services Child Support Division violated his civil rights by streamlining his unlawful arrest and prosecution. [*Id.*]. As relief, Plaintiff requests that this Court dismiss a child support order against him, and notes that "this is an on going [stet] matter." [*Id*. at 7].

In an attachment to his complaint, Plaintiff asserts that his complaint is brought under 42 U.S.C. § 1983. [Doc. 2-1 at 1]. Plaintiff's attachment is largely difficult to comprehend, but Plaintiff asserts that his attorney had a conflict of interest because of his affiliation with the ABA, which provides training and information on legal issues to persons working in the field of child support enforcement, under contract with the Office of Child Support Enforcement. [*Id*. at 2-4]. Plaintiff also appears to seek a "writ of quo warranto," requiring evidence of authority to hold proceedings concluding in the deprivation of his property. [*Id*. at 5]. Plaintiff states that the "Writ of Quo Warranto has been suppressed at the federal level . . . but remains a right under the Ninth Amendment." [*Id*. at 6]. Plaintiff further demands that certain terms be removed from his records unless the "Title IV-D Court can provide proof" that such terms apply, including the terms "obligor," "non-custodial parent," "biological father," and "pryor." [*Id*. at 8]. Finally, Plaintiff appears to assert that, pursuant to the Equal Protection Clause of the Fourteenth

Amendment, a man cannot be arrested in a civil matter for failure to provide child support, because a woman cannot be arrested in the same manner. [*Id*. at 10].

Judge Poplin issued a R&R, granting Plaintiff's motion to proceed *in forma pauperis*. [Doc. 3 at 2-3]. However, Judge Poplin recommended that this Court dismiss the complaint without prejudice for lack of subject-matter jurisdiction. [*Id*. at 1]. Judge Poplin concluded that Plaintiff sought an order dismissing a child support order, but this Court lacks subject-matter jurisdiction to overturn such state court decisions. [*Id*. at 4]. Judge Poplin also noted that Plaintiff had provided no facts as to how his civil rights were violated by any of the Defendants. [*Id*.]. Judge Poplin notified parties that any objections to the R&R should be filed within fourteen days of service of a copy of the report. [*Id*. at 5, n.2]. The report was issued on March 6, 2019, and mailed to Plaintiff at his home address. However, no objections to the R&R have been filed.

## II. Discussion

"Subject matter jurisdiction is always a threshold determination," *Am. Telecom Co. v. Republic of Lebanon*, 501 F.3d 534, 537 (6th Cir. 2007), and may be raised by the Court *sua sponte* at any stage in the proceedings. *See United States v. Hays*, 515 U.S. 737, 742 (1995) ("The federal courts are under an independent obligation to examine their own jurisdiction[.]"); *Ford v. Hamilton Invs., Inc.*, 29 F.3d 255, 257 (6th Cir. 1994) (noting that subject matter jurisdiction is an issue that "may be raised at any time, by any party or even *sua sponte* by the court itself" (internal quotation marks omitted)). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Generally, federal courts lack jurisdiction over domestic relations matters, because state courts have exclusive jurisdiction over these matters. *Danforth v. Celebrezze*, 76 F. App'x 615, 616 (6th Cir. 2003). Although this exception to federal jurisdiction does not apply to a civil action that "merely has domestic relations overtones," federal courts "lack jurisdiction where the action is a mere pretense and the suit is actually concerned with domestic relations issues." *Id.* (citing *Drewes v. Ilnicki*, 863 F.2d 469, 471 (6th Cir. 1988)). Moreover, "federal courts lack jurisdiction to review a case litigated and decided in state court because only the United States Supreme Court has jurisdiction to correct state court judgment[s]." *Id*.

As an initial matter, there have been no timely objections to the R&R, and enough time has passed since the filing of the R&R to treat any objections as having been waived. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Moreover, the Court is in complete agreement with Judge Poplin's recommendation that this case be dismissed for lack of subject-matter jurisdiction. The only relief that Plaintiff seeks in his complaint is dismissal of a child support order. Likewise, in his attached memorandum, Plaintiff asks this Court to modify his child support order, by removing certain terms, and issue a writ of *quo warranto* requiring evidence of authority to collect child support payments from him. However, this Court lacks jurisdiction to interfere with Plaintiff's child support proceedings, pursuant to the domestic relations exception. Plaintiff's complaint is precisely the type of action where the alleged federal claims are "mere pretense" and instead the "suit is actually concerned with domestic relations issues." *See Danforth*, 76

F. App'x at 616.  Thus, the Court will accept and adopt the R&R in whole, and dismiss this action for lack of subject-matter jurisdiction.

### III. Conclusion

Accordingly, for the forgoing reasons, the Court **ADOPTS IN WHOLE** the report and recommendation [doc 3].  This action is **DISMISSED WITHOUT PREJUDICE** for lack of subject-matter jurisdiction.

    s/ Thomas W. Phillips
    SENIOR UNITED STATES DISTRICT JUDGE